# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK L. GLASS, | ) |
| Plaintiff, | ) |
| v. | )  CV-10-RRA-470-S |
| SUPREME BEVERAGE COMPANY, | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

COMES NOW the Defendant, Supreme Beverage Company, (hereinafter referred to as "Supreme Beverage"), and answers Plaintiff's Complaint as follows:

**I.   INTRODUCTION**

1. Supreme Beverage admits that Plaintiff has filed a complaint and purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. 1981, as amended, and the Civil Rights Act of 1991. Supreme Beverage denies that it committed any violation of the cited statutes and further denies that Plaintiff is entitled to relief under the cited statutes.

**II.   JURISDICTION AND VENUE**

2. Supreme Beverage admits this Court has jurisdiction of this matter. Supreme Beverage denies that it committed any violation of the cited statutes and further denies that Plaintiff is entitled to relief under the cited statutes.

3. Supreme Beverage admits that venue is proper in this Court, but it denies that it committed any wrongful conduct in this venue.

**III.    ADMINISTRATIVE PREREQUISITES**

4.      With respect to Plaintiff's allegations relating to his claims under Title VII, Supreme Beverage denies the allegations contained in this paragraph and demands strict proof thereof.  The remainder of paragraph 4 is a legal conclusion to which no answer is required.

**IV.    THE PARTIES**

5.      Supreme Beverage admits Plaintiff is an African-American male.  Supreme Beverage is without sufficient information to admit or deny the remaining allegations contained in this paragraph.  Therefore, such remaining allegations are denied and Supreme Beverage demands strict proof thereof.

6.      Supreme Beverage admits that it has conducted business in Jefferson County, Alabama.  Supreme Beverage admits that it is an employer under Title VII and 42 U.S.C. § 1981, but denies violating these statutes.

**V.    STATEMENT OF FACTS**

7.      Supreme Beverage adopts and incorporates the foregoing paragraphs as if fully set-forth herein.

8.      Supreme Beverage admits the first sentence set forth in paragraph 8 of the Complaint, but denies the remainder of the allegations set forth in this paragraph and demands strict proof thereof.

9.      In response to paragraph 9 of the Complaint, Supreme Beverage admits the Plaintiff filed charges of discrimination in June 2007 and on March 24, 2009, but denies the remainder of the allegations set forth in this paragraph, and that Plaintiff's termination was related to his charges of discrimination.

10. Supreme Beverage admits that Plaintiff was terminated and that one of the reasons for his termination was deficient performance. Supreme Beverage denies the remaining allegations in paragraph 10 and demands strict proof thereof.

11. Supreme Beverage admits that Plaintiff was employed for approximately seven years in total, but denies that Plaintiff was employed for seven consecutive years. Supreme Beverage admits that Plaintiff received no written warning prior to filing his first charge of discrimination, but denies that he did not receive any written warnings prior to his second charge of discrimination. Supreme Beverage denies the remaining allegations in paragraph 11 and demands strict proof thereof.

12. Supreme Beverage denies the allegations set forth in paragraph 12 of the Complaint and demands strict proof thereof.

## VI. CAUSE OF ACTION

### A. COUNT I – RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981.

13. Supreme Beverage adopts and incorporates the foregoing paragraphs as if fully set-forth herein. Supreme Beverage denies the allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof.

14. Supreme Beverage denies the allegations set forth in paragraph 14 of the Complaint and demands strict proof thereof.

15. Supreme Beverage denies the allegations set forth in paragraph 15 of the Complaint and demands strict proof thereof.

16. Supreme Beverage admits that Plaintiff has filed a complaint and purports to seek the remedies outlined in this paragraph. Supreme Beverage denies that it committed any violations rendering it liable to Plaintiff for any of the relief he seeks.

17. Supreme Beverage denies that Plaintiff is entitled to the relief sought in the Addendum Clause, and specifically 1-6.

## AFFIRMATIVE DEFENSES

### First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### Second Defense

Supreme Beverage denies that Plaintiff is entitled to any relief whatsoever.

### Third Defense

Plaintiff's damages are limited to the extent that he has failed or refused to mitigate his damages.

### Fourth Defense

Supreme Beverage affirmatively has made a good faith effort to comply with all federal and state laws.

### Fifth Defense

To the extent that Plaintiff raises claims which are not like or related to his Charge of Discrimination as filed with the EEOC, he cannot pursue such claims in this action under Title VII.

### Sixth Defense

Plaintiff's damages, if any, would be limited based upon the doctrine of "after- acquired evidence."

**Seventh Defense**

Supreme Beverage denies that retaliation, or any other impermissible factor played any role with respect to any employment decision, practice, or term or condition of employment complained of by Plaintiff.

**Eighth Defense**

Even if Plaintiff could prove intentional discrimination, which Supreme Beverage denies, Supreme Beverage would demonstrate that it would have taken the same employment action in the absence of any unlawful motivating factors.

**Ninth Defense**

This action is not maintainable under Title VII with respect to any event or alleged event occurring more than 180 days prior to the filing of the EEOC Charge upon which this action is based.

**Tenth Defense**

To the extent that Plaintiff filed this action more than ninety (90) days after receipt of his EEOC Determinations and Right to Sue letters, Plaintiff's claims are barred by his failure to file a timely suit, a necessary condition precedent to suit.

**Eleventh Defense**

This action is not maintainable under Title VII unless and until the Plaintiff establishes that he has fulfilled the prerequisites to the institution and maintenance of an action under said statute as to Supreme Beverage.

**Twelfth Defense**

To the extent that Plaintiff's Complaint challenges employment decisions affecting him, such decisions were made on the basis of legitimate, non-discriminatory factors.

### **Thirteenth Defense**

Plaintiff has not alleged or established sufficient facts to constitutionally permit or entitle Plaintiff to recover punitive damages.

### **Fourteenth Defense**

Subjecting Supreme Beverage to punitive damages or affirming an award of punitive damages would violate the U.S. Constitution and the Alabama Constitution.

### **Fifteenth Defense**

Supreme Beverage adopts all defenses made available under Alabama statutory and common law and under federal law relating to limitations on punitive damages.

### **Sixteenth Defense**

Any award of punitive damages in this case would violate Supreme Beverage's rights under the substantive and procedural due process clauses of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; and the equal protection clause of the United States Constitution.

### **Seventeenth Defense**

Plaintiff is an employee at will.

### **Eighteenth Defense**

Supreme Beverage did not engage in any wrongful or unlawful conduct toward Plaintiff.

### **Nineteenth Defense**

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure; therefore, he is barred from any recovery of special damages.

### **Twentieth Defense**

Supreme Beverage denies it acted with malice or reckless disregard to any of Plaintiff's rights.

### Twenty-First Defense

Supreme Beverage affirmatively avers that all of its actions were taken in good faith.

### Twenty-Second Defense

To the extent that Plaintiff seeks to assert claims beyond the applicable statute of limitations, those claims are barred.

### Twenty-Third Defense

Supreme Beverage reserves the right to assert any additional affirmative defenses that may be determined during discovery.

/s/ Wesley C. Redmond
Wesley C. Redmond
Stacey A. Davis
Attorneys for Defendant

**OF COUNSEL**:
**BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.**
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203-5202
(205) 328-0480 -- Phone
(205) 322-8007 – Fax

7

## **CERTIFICATE OF SERVICE**

I certify that the foregoing has been served upon the following counsel through the electronic filing system or by First Class Mail this 1st day of April, 2010.

Patrick L. Glass
1111 Stillman Avenue
Gadsden, Alabama 35903

/s/ Wesley C. Redmond
OF COUNSEL