# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK L. GLASS, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:10-CV-470-JHE |
| SUPREME BEVERAGE COMPANY, | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge filed an Amended Report and Recommendation on April 18, 2012, recommending that Defendant's Motion for Summary Judgment be granted.[1] (Doc. #56). The parties were allowed fourteen (14) days in which to file written objections to the Magistrate Judge's recommendation. Plaintiff filed objections on May 3, 2012. (Doc. #57). Defendant filed objections on May 14, 2012. (Doc. #58). Having carefully reviewed and considered *de novo* all the materials in the court file, the Magistrate Judge's Amended Report and Recommendation is due to be rejected.

Plaintiff argues that the Magistrate Judge's legal analysis is flawed. The court agrees that the Magistrate Judge erred. The Magistrate Judge concluded that Plaintiff cannot establish a casual connection between his alleged protected activity and the purported adverse employment actions because he cannot show close temporal proximity. (*Id.* at 28). However, it is only when

---

[1] The Magistrate Judge filed his original Report and Recommendation on October 13, 2001, recommending that Defendant's Motion for Summary Judgment be granted and the instant case be dismissed. (Doc. #45). The parties were allowed fourteen (14) days in which to file written objections to this court's recommendation. Defendant filed its objections on October 27, 2011 (Doc. #47) and Plaintiff filed his objections on October 27, 2011 (Doc. #48). On February 3, 2012, the district court rejected the Magistrate Judge's Report and Recommendation (Doc. #51) and instructed him to reconsider Defendant's Motion for Summary Judgment (Doc. #26) and "Motion to Deem Facts Admitted and Motion to Strike" (Doc. #43). On February 7, 2012, the Magistrate Judge ordered the parties to re-brief the issues. (Doc. #52).

a plaintiff lacks close temporal proximity *and* there is no "other evidence tending to show causation," that a plaintiff's claim "fails as a matter of law." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).  Here, there is sufficient evidence tending to show causation, and it was error for the Magistrate Judge to conclude otherwise.

The Magistrate Judge's Amended Report and Recommendation (Doc. #56) is **REJECTED**.  The above-entitled case is **REASSIGNED** to Magistrate Judge John H. England, III,[2] for further proceedings consistent with this opinion.

**DONE** and **ORDERED** on September 18, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Magistrate Judge England has only recently been assigned responsibility in this case and did not author the Report and Recommendation under review.