# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK GLASS,** )<br>)<br>**Plaintiff**, )<br>)<br>v. )<br>)<br>**SUPREME BEVERAGE COMPANY,** )<br>)<br>**Defendant**. ) | **Civil Action Number<br>2:10-cv-00470-AKK** |

## ORDER

On February 4, 2014, the magistrate judge entered a report and recommendation, doc. 63, regarding defendant Supreme Beverage's motion for summary judgment, doc. 26, and the parties were allowed fourteen (14) days[1] in which to file objections to the recommendations made by the magistrate judge. On February 25, 2014, defendant Supreme Beverage Company filed objections to the magistrate judge's report and recommendation. Doc. 65. The magistrate judge subsequently amended the report and recommendation on March 25, 2014 for the

---

[1] The magistrate judge subsequently granted the defendant's motion for a seven-day extension of this deadline, *see* doc. 64.

sole purpose of clarifying the recommendation to reflect that several of plaintiff Patrick Glass' claims were untimely or otherwise insufficient, which it determined in the "Analysis" section of the original recommendation but inadvertently failed to state that conclusion in the "Recommendation" section. Doc. 66.

Although the court agrees with Supreme Beverage as to the relevant standard for proper comparators and for the use of so-called "me too" evidence, *see* doc. 65 at 14–15, 20–21, the court finds nonetheless that Glass presented sufficient evidence of pretext to survive a motion for summary judgment. Among other things, Glass presented evidence of non-protected class employees who purportedly engaged in nearly identical conduct as Glass, and yet were not discharged. Whether the evidence regarding these subset of employees will ultimately be sufficient for Glass to meet his burden of proving retaliatory animus is a matter for a jury to decide based, in part, on credibility determinations and on evaluation of the evidence as a whole. At this juncture, however, having reviewed the pleadings, the briefs, the magistrate's report and recommendation, and Supreme Beverage's objections thereto, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge that (1) Supreme Beverage's motion for summary judgment be **GRANTED** on Glass's Title VII retaliation claim to the extent it is based on (a)

the July 2007 drug test; (b) the October 2007 write-up; (c) the November 2007 write-up; and (d) the three-day suspension in March 2009; (2) Supreme Beverage's motion for summary judgment be **GRANTED** on Glass's § 1981 retaliation claim to the extent it is based on (a) the July 2007 drug test; and (b) the three-day suspension in March 2009; (3) Supreme Beverage's motion for summary judgment be **DENIED** as to Glass's Title VII retaliation claim to the extent it is based on his March 23, 2009 termination; and (4) Supreme Beverage's motion for summary judgment be **DENIED** as to Glass's § 1981 retaliation claim to the extent it is based on his (1) October 2007 write-up; (2) November 2007 write-up; and (3) March 23, 2009 termination.

This case is set for a final pretrial conference on **June 16, 2014, at 1:15 p.m.** at the Hugo L. Black U.S. Courthouse in Birmingham, Alabama. The court directs the parties' attention to the attached pretrial conference instructions. This case is set for trial on **July 28, 2014**, also at the Hugo L. Black U.S. Courthouse in Birmingham, Alabama.

**DONE** this 12th day of May, 2014.

                                                                              _____
                                                                              **ABDUL K. KALLON**
                                                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRE-TRIAL DOCKET
HON. ABDUL K. KALLON, PRESIDING

**BIRMINGHAM, ALABAMA**

 This case is set for a pre-trial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. A conference-type hearing will be held in chambers in the Hugo Black Federal Courthouse in Birmingham, Alabama at the time indicated.

 The hearing will address all matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pleading motions, and settlement possibilities.

 Counsel attending the conference are expected to be well-informed about the factual and legal issues of the case, and to have authority to enter appropriate stipulations and participate in settlement discussions. <u>Counsel appearing at the conference will be required to proceed at trial notwithstanding the naming of others as designated trial counsel</u>.

 Promptly upon receipt of this notice, plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not in dispute, at clarifying the parties' contentions (for example, just what is denied under a "general denial") and at negotiating workable procedures and deadlines for remaining discovery matters. <u>At least four (4) business days in advance of the conference, plaintiff's counsel is to submit to chambers (via email at kallon_chambers@alnd.uscourts.gov)a proposed Pre-trial Order in WordPerfect format</u>, furnishing other counsel with a copy. It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be adopted by the court and signed at the close of the hearing.

 A sample of a proposed Pre-trial Order is available on the Chamber web site (www.alnd.uscourts.gov/Kallon/Kallonpage.htm) to illustrate the format preferred by the court and also to provide additional guidance and instructions. Each order

must, of course, be tailored to fit the circumstances of the individual case.

Counsel drafting this proposed order should consider the utility this document will provide for the litigants, the jury, and the court alike. The court anticipates using the pretrial order to (1) identify and narrow the legal and factual issues remaining for trial, and (2) provide jurors with the legal and factual context of the dispute. This order should **not** revisit at length arguments made in previous filings with the court, nor should it serve as another venue for adversarial posturing. Pretrial orders should be simple, short, and informative.

IN ANY CASE WHERE COUNSEL HAVE ANNOUNCED SETTLEMENT TO THE COURT, A CONSENT JUDGMENT IN SATISFACTORY FORM <u>MUST</u> BE PRESENTED TO THE COURT  <u>PRIOR</u> TO THE SCHEDULED TRIAL DATE; OTHERWISE, THE CASE WILL BE DISMISSED <u>WITH </u>PREJUDICE.